# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | * | |
| DOROTHY HANDEL, | * | |
| | * | No. 15-1112V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: June 7, 2016 |
| | * | |
| SECRETARY OF HEALTH | * | Damages; decision based on proffer; |
| AND HUMAN SERVICES, | * | shoulder injury related to vaccine |
| | * | administration ("SIRVA"); TDAP |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * | * | |

Edward M. Kraus, Law Offices of Chicago Kent, Chicago, IL, for Petitioner;
Michael P. Milmoe, U.S. Department of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING DAMAGES[1]

On October 2, 2015, Dorothy Handel filed a petition seeking compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1 et seq., alleging that the Tdap vaccination caused her to suffer a shoulder injury related to vaccine administration ("SIRVA"). On March 9, 2016, the undersigned ruled, based upon respondent's concession, see Respondent's Report, filed March 8, 2016, that petitioners are entitled to compensation under the Vaccine Act.

---

[1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

On June 2, 2016, respondent filed a Proffer on Award of Compensation, to which petitioner agrees. Based upon the record as a whole, the special master finds the proffer reasonable and that petitioner is entitled to an award as stated in the Proffer. Pursuant to the attached Proffer the court awards petitioner:

**A lump sum payment of $75,000.00, in the form of a check payable to petitioner, Dorothy Handel. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a) to which petitioner would be entitled**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 15-1112V according to this decision and the attached proffer.[2]

Any questions may be directed to my law clerk, Dan Hoffman, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DOROTHY HANDEL, ) | |
| ) | |
| Petitioner, ) | No. 15-1112V |
| ) | Special Master Moran |
| v. ) | ECF |
| ) | |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.    Compensation for Vaccine Injury-Related Items**

On March 9, 2016, the special master issued an Unpublished Ruling Finding Entitlement to Compensation determining that petitioner was entitled to vaccine compensation for her Shoulder Injury Related to Vaccine Administration ("SIRVA"). Respondent proffers that, based on the evidence of record, petitioner should be awarded $75,000.00. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.    Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below, and requests that the special master's decision and the Court's judgment award the following:[1]

   A.  A lump sum payment of $75,000.00 in the form of a check payable to petitioner, Dorothy Handel. This amount accounts for all elements of compensation under 42 U.S.C.

---

[1] Should petitioner die prior to entry of judgment, respondent reserves the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

§ 300aa-15(a) to which petitioner would be entitled.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BENJAMIN C. MIZER<br>Principal Deputy Assistant Attorney General |
|  | RUPA BHATTACHARYYA<br>Director<br>Torts Branch, Civil Division |
|  | CATHARINE E. REEVES<br>Acting Deputy Director<br>Torts Branch, Civil Division |
|  | GLENN A. MACLEOD<br>Senior Trial Counsel<br>Torts Branch, Civil Division |
|  | */s/ Michael P. Milmoe*<br>MICHAEL P. MILMOE<br>Senior Trial Counsel<br>Torts Branch, Civil Division<br>U.S. Department of Justice<br>P.O. Box 146<br>Benjamin Franklin Station<br>Washington, D.C.  20044-0146<br>Phone:   (202) 616-4125 |
| Dated:  June 2, 2016 | Fax:      (202) 616-4310 |